UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
HENRY PEDROMO,

                      Plaintiff,

     -against-

THE CITY OF NEW YORK,
DET. RALFI HERNANDEZ, DET. CHRISTINA
REYES, JOHN AND JANE DOES 1-5, ET AL.,

                      Defendants.
------------------------------------------------------------x

**FIRST AMENDED COMPLAINT**

Jury Trial

15 CV 2736 (JPO)

Plaintiff HENRY PEDROMO (hereinafter "Plaintiff") by and through his attorney, Vik Pawar, Esq., respectfully alleges as follows:

### PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§1983 and 1988 for violations of his civil rights, as secured by statutes and the Constitution of the State of New York and the United States.

### JURISDICTION

2. The action is brought pursuant to 42 U.S.C. §§1983, and 1988, and the Fourth and Fourteenth Amendments to the United States and New York Constitutions.

3. Jurisdiction is found upon 28 U.S.C. §§1331 and 1343.

## VENUE

4. Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

7. Plaintiff is a citizen of the United States, and at all relevant time resident in the County of New York, State of New York.

8. Defendant City is a municipal corporation. Defendants Hernandez and Reyes and John Does 1-5 are officers with the NYPD at the time when plaintiff's claims arose. They are sued in their individual, supervisory and official capacities.

## FACTS

9. On May 23, 2012, around 6 p.m., plaintiff was walking to his apartment located at West 179th street, Bronx, New York.

10. As plaintiff was walking, defendant Reyes (working as an undercover) asked plaintiff if he had a light for her cigarette. Plaintiff had not known at that time that Reyes was an undercover officer.

11. Plaintiff gave Reyes a light and continued walking.

12. Few minutes later, a NYPD police car pulled up and defendant Hernandez and several John Doe defendants got out of the car and yanked plaintiff off of the sidewalk and slammed him against their car.

13. Plaintiff was violently handcuffed and thrown inside the squad car.

14. Plaintiff was brought to the 33rd precinct and falsely accused of soliciting a prostitute.

15. Plaintiff was held for more than 24 hours and released.

16. Plaintiff appeared in Court numerous times and the defendant officers never appeared.

17. Nearly ten (10) months later after countless appearances, plaintiff case was dismissed.

### AS AND FOR A FIRST CAUSE OF ACTION
(Excessive use of force/false arrest-Fourth Amendment)

1. Plaintiff repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

2. Plaintiff was yanked off of the sidewalk, thrown against the police car and arrested on a false charge.

3. Defendants assaulted him and falsely arrested him on fabricated charges.

4. As a result of the aforementioned conduct of Defendants, Plaintiff's constitutional right to be free from excessive force, false arrest and assault were violated and he sustained injuries under the Fourth Amendment of unlawful seizure and excessive use of force.

### AS AND FOR A SECOND CAUSE OF ACTION
(Deprivation of Rights under 14th Amendment-Due Process against All defendants)

5. Plaintiff repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

6. The Defendants' conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment. The actions by Defendants deprived the substantive and procedural due process afforded to Plaintiff and was in violation of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments.

7. Defendants initiated false and baseless proceedings against plaintiff.

8. Defendants knew that if they forwarded the false information to the DA's office, plaintiff would be prosecuted.

9. Yet defendants never retracted their false paperwork and continued the prosecution based on malice.

10. The proceedings were terminated in plaintiff's favor.

11. As a result of the foregoing, Plaintiff was deprived of his liberty and property interests and right to procedural and substantive due process.

## AS AND FOR A THIRD CAUSE OF ACTION
(Denial of Right to Fair Trial)

12. Plaintiff repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

13. Defendants planted drugs on plaintiff.

14. Defendants then arrested plaintiff for solicitation and forwarded false information to the DA that the plaintiff was soliciting a prostitute.

15. The false fabricated charge denied plaintiff the right to a fair trial or a hearing.

16. As a result of defendants' conduct, plaintiff suffered injuries under the constitution.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Denial of Right to Access to Courts- 1st Amendment Violation against Defendant City)

17. Plaintiff repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

18. Defendant City advocated for Local Rule 83.10 before it was implemented.

19. The Local Rule is inconsistent with the Federal Rules of Civil Procedure.

20. The Local Rule gives defendant City too much time to respond to complaint and serve initial disclosures.

21. The Local Rule allows plaintiff to automatically amend the caption of complaint to substitute names of the John and Jane Does defendants with named defendants.

22. Plaintiff usually file their complaint before the statute of limitations runs out.

23. Defendant City then takes extra-ordinarily long time to provide initial disclosures (as allowed by the Local Rule).

24. The Local Rule ties plaintiff's hands to get expedited discovery to ascertain the names of the individual defendants, information which is always in the custody, control and possession of the Defendant City even in the absence of a Section 160.50 release.

25. When Plaintiff moves forward with amending the complaint with named individuals, defendant City threatens motion practice to dismiss those claims as time-barred.

26. This practice and threats by the defendant City denies plaintiff the right of access to Courts and violation of their first amendment rights.

27. As a result of the foregoing, plaintiff gets injured.

**AS AND FOR A FIFTH CAUSE OF ACTION**
(*Monell* against Defendant City)

28. Plaintiff repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

29. The allegations outlined in this complaint are not isolated incidents.

30. Rather the allegations are pervasive throughout the City where individual officers are always looking to make an arrest even in the absence of probable cause, let alone any criminal activity.  They do this to earn over-time, make quotas and to appease their commanding officers that they are "doing something" about crime in a particular neighborhood.

31. The superior officers whose duty is to review bad arrests, train their subordinates, or discipline them for making such bad arrests simply turn a blind eye to this practice.  Their inaction empowers the officers such as the defendants in this action to continue to violate the constitutional rights of individuals by making false arrests.

32. Making false arrests, fabricating evidence and maliciously prosecuting minorities such as plaintiff have become a custom and a de facto policy of defendant City that is the moving force behind the injuries suffered by plaintiff.

**WHEREFORE,** the Plaintiff requests that this Court:

    a. Award compensatory damages to the Plaintiff against the Defendants, jointly and severally, in the amount exceeding the jurisdictional limits of all lower courts

    b. Award the costs of this action to the Plaintiff.

    c. Award reasonable attorneys fees to the Plaintiff under 42 U.S.C. Section 1988 and/or any other applicable laws.

    d. Award punitive damages in an amount exceeding the jurisdictional limits of all lower courts.

    e. Award such other and further relief as this Court may deem appropriate.

Dated: New York, New York
       August 11, 2015

                            PAWAR LAW GROUP P.C.
                            20 Vesey Street, Suite 1210
                            New York, New York 10007
                            (212) 871-0805

                            By: /s/ Vik Pawar
                            Vik Pawar (VP9101)
                            *Attorneys for Plaintiff*